# EXHIBIT 1

Filing # 227726615 E-Filed 07/21/2025 04:48:35 PM

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL EAST DIVISION**

**IMMINENT SURGICAL
ASSOCIATES, P.A.,**

      **Plaintiff,**

**v.**                             **CASE NO.:**

**UNITED HEALTHCARE
SERVICES, INC.**

      **Defendant(s).**

_____/

**COMPLAINT**

**COMES NOW**, the Plaintiff,     IMMINENT SURGICAL ASSOCIATES, LLC. (the "**PLAINTIFF**"), and sues the DEFENDANT(S) health maintenance organization/health insurer/administrator, UNITED HEALTHCARE SERVICES, INC. (the "**DEFENDANT(S)**"), and alleges as follows:

**JURISDICTION AND VENUE**

1.    This is an action for declaratory judgment pursuant to Florida law and policies (contracts) of insurance. Specifically, the PLAINTIFF requests an order from the Court declaring the rate the DEFENDANT(S) pays the PLAINTIFF's claim to be the usual and customary provider charges for similar services in the community where the services were provided as required by Section 641.513(5)(b), Florida Statutes; a determination of the "community" where the services were provided; a determination of the specific formula or criteria used by the DEFENDANT(S) in determining the rate to be paid to the PLAINTIFF; what the DEFENDANT(S) has determined to be usual and customary; and the PLAINTIFF seeks to recover the proper amount of benefits for each underpaid claim, plus the interest rate of 12% per

Page **1** of

annum pursuant to Sections 627.6131(7) and 641.3155(6), Florida Statutes, for an amount more than $50,000, exclusive of attorney's fees, interest, and costs.

2.      The PLAINTIFF reserves the right to amend its Complaint to seek supplemental relief after the Court makes a determination as to Count I and the DEFENDANT(S) provides all policies (contracts) along with all attachments.

3.      At all times material hereto, the PLAINTIFF was and is a health care provider duly licensed and authorized by the State of Florida to provide health care and treatment in the State of Florida.

4.      The PLAINTIFF is a Florida corporation that has the authority to transact business in the State of Florida and performed medical services in Hillsborough County, Florida.

5.      At all times material hereto, the DEFENDANT(S) was a health insurer, health claims administrator, or health claim affiliate, actively engaged in the transaction of health care insurance servicing in the State of Florida and is subject to the jurisdiction of this Court.

6.      The DEFENDANT(S) maintains offices, agents, and/or representatives in Hillsborough County and is subject to the jurisdiction of this Court.

7.      After providing treatment to patients of the PLAINTIFF/members of the DEFENDANT(S) (the "PATIENTS/MEMBERS") and timely submitting the electronic claim directly to the DEFENDANT(S), the PLAINTIFF has the requisite standing to bring this private first party cause of action directly against the DEFENDANT(S).

8.      The cause of action accrued in Florida, as the subject health care services were provided by the PLAINTIFF in Florida, the subject policies were delivered in Florida, and the DEFENDANT(S) violated Florida Statutes and/or breached the subject contract in Florida.

9.      All conditions precedent to this action have been performed, satisfied, or waived.

**GENERAL ALLEGATIONS**

Page **2** of

10. In exchange for premiums, the DEFENDANT(S) pays for health care services rendered to members of its commercial health care products and platforms, including exchange products, self-insured plans, HMOs, limited health service organizations, indemnity plans, PPO products, or any health care arrangement whereby risk is assumed.

11. The DEFENDANT(S) is a health insurance administrator who directly or indirectly solicits or effects coverage of, collects charges or premiums from, or adjusts or settles claims on behalf of residents of Florida for health insurers and HMOs through an administrative services agreement. The DEFENDANT(S) became liable to the PLAINTIFF at the time of payment and/or upon the reduction of the PLAINTIFF's claims.

12. At all times material hereto, the PATIENTS/MEMBERS entered into a contractual relationship with the DEFENDANT(S) either directly or indirectly.

13. The DEFENDANT(S) provided the PATIENTS/MEMBERS with:

a. An HMO contract, which is subject to Chapter 641, Florida Statutes, et. al., or, in the alternative,

b. A PPO policy, which is subject to section 627.601, Florida Statutes, (health insurance policies), et. al., and how the reimbursement amount and/or "allowed amount" reduction was calculated.

14. The exact relationship will be determined after the DEFENDANT(S) produces copies (with all attachments) of its HMO contract(s) or the PPO policy(s) of insurance.

15. The PLAINTIFF does not have a copy of the contracts and/or the policies of insurance.

16. A copy of the contracts/policies are in the possession and control of the DEFENDANT(S), and the PLAINTIFF demands a copy of the same.

17. From 01/1/2021 to 7/31/2023, the PATIENTS/MEMBERS sought and received

health care services from the PLAINTIFF and the PLAINTIFF's physicians at a hospital/facility that has a contract with the DEFENDANT(S), and the services at issue were emergency services and care pursuant to section 641.47(8), Florida Statutes, and/or the PATIENT/MEMBER did not have the opportunity to choose a participating provider at the hospital/facility who was available to treat the PATIENT/MEMBER.

18.    At all times material hereto, the PLAINTIFF did not have a participation agreement/contract with the DEFENDANT(S). Consequently, the PLAINTIFF relies on the Florida Statutes and/or omnibus provisions to determine the rate of payment it is to receive from the DEFENDANT(S).

19.    Thus, the PLAINTIFF's claim(s) in this case is/are considered "non-participating" claim(s) or, "out-of-network" claim(s).

20.    The Florida Legislature, in the context of payments from health insurers (through Section 627.64194(4), Florida Statutes, relating to HMOs, and administrators to out-of-network medical service providers), enacted Section 641.513(5), Florida Statutes (2018), which provides:

> **Reimbursement for services pursuant to this section by a provider, who does not have contract with the health maintenance organization, shall be the lesser of:**
>
> a. **The provider's charges;**
> b. **The usual and customary provider charges for similar services in the community where the services were provided; or**
> c. **The charge mutually agreed to by the health maintenance organization and the provider within 60 days of the submittal of the claim.**

21.    In the present case, the PLAINTIFF timely and directly submitted to the DEFENDANT(S) electronic claim(s)/form UB-92(s) for direct payment of medical services rendered by the PLAINTIFF to the PATIENTS/MEMBERS.

22. The DEFENDANT(S) received the PLAINTIFF's claim(s) for payment and assigned claim numbers to the claim(s) received.

23. The PLAINTIFF did not, within 60 days of the submitted non-participating claim(s), mutually agree with the DEFENDANT(S) on a specific rate of reimbursement for the submitted claims.

24. The PLAINTIFF has received partial payment from the DEFENDANT(S); however, the PLAINTIFF is still in doubt as to their rights concerning the rate of reimbursement by the DEFENDANT(S) as it pertains to section 641.513(5) referenced above and the DEFENDANT(S)'s elected fee schedule, methodology, and specific formula or criteria used to calculate the reduced paid amount.

25. The DEFENDANT(S) has already adjudicated the claim(s) for medical services at issue in this action and has determined the claim(s) to be a covered loss.

26. The PLAINTIFF does not seek a coverage determination for the services rendered to the PATIENTS/MEMBERS.

27. Thus, the PLAINTIFF's action against the DEFENDANT(S) is a "rate of payment" action brought pursuant to Florida law and not a "right to payment" action challenging the denial of coverage or adverse benefit determination of the PATIENT/MEMBER.

28. The PLAINTIFF makes no claim(s) pursuant to any Federal law, nor does the PLAINTIFF have standing to assert Federal jurisdiction.

29. The PLAINTIFF healthcare provider is not a "participant" or "beneficiary" and/or the DEFENDANT(S)'s contracts contain an anti-assignment provision. See Griffin v. Health Sys. Mgmt., Inc., 635 F. App'x 768, 772–73 (11th Cir. 2015).

## COUNT I: DECLARATORY JUDGMENT

30.     The PLAINTIFF restates, realleges, and incorporates by reference Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31.     This is an action for declaratory relief pursuant to Chapter 86, Florida Statutes.

32.     The DEFENDANT(S) paid the PLAINTIFF'S billed charges but made no indication as to how those payments complied with section 641.513(5), what was considered the community, the methodology utilized, or the specific formula or criteria used by the DEFENDANT(S) in determining those amounts.

33.     The rates/fee schedule paid by DEFENDANT(S) are seemingly paid at random with a range between 74% of the Medicare rate and 800% of the Medicare rate for the same medical services.

34.     The DEFENDANT(S) is not allowed to consider reimbursement rates for Medicare because they are set by government agencies and not considered "arm's-length," and the PLAINTIFF does not have the option that private medical providers do to refuse to provide services. *See Baker County Medical Services, Inc. v. Aetna Health Management, LLC*, 31 So.3d 842, 846 (Fla. 1st DCA 2010).

35.     Not only did the DEFENDANT(S) consider Medicare reimbursement rates when reimbursing the PLAINTIFF, they often reimbursed amounts lower than the Medicare rate in the aggregate of claims.

36.     The DEFENDANT(S) reimbursed all billed CPT codes at unpredictable rates on similar service dates making it appear DEFENDANT(S) does not utilize the required Florida payment methodology, or any methodology besides cost saving, when processing claims. For example, three commonly billed CPT codes (99238, 99231 & 99233) were reimbursed at the following amounts all in the first two months of 2023:

| CPT | Charge | Paid Amount | % of Medicare |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 99238 | $631.00 | $77.58 | 97% |
| 99238 | $631.00 | $75.86 | 94% |
| 99238 | $631.00 | $77.58 | 97% |
| 99238 | $631.00 | $76.88 | 95% |
| 99238 | $631.00 | $145.96 | 180% |
| | | | |
| 99231 | $342.00 | $42.56 | 84% |
| 99231 | $342.00 | $42.45 | 84% |
| 99231 | $342.00 | $96.00 | 190% |
| 99231 | $342.00 | $342.00 | 800% |
| 99231 | $342.00 | $70.56 | 139% |
| 99223 | $342.00 | $39.61 | 78% |
| | | | |
| 99233 | $898.00 | $108.87 | 91% |
| 99233 | $898.00 | $108.87 | 91% |
| 99223 | $898.00 | $132.13 | 110% |
| 99220 | $898.00 | $120.12 | |
| | $898.00 | $110.55 | 100% |
| | $898.00 | $216.22 | |
| | | | 92% |
| | | | 177% |

37. The PLAINTIFF is in doubt concerning its rights, and a bona fide present controversy exists between the PLAINTIFF and the DEFENDANT(S) regarding the proper interpretation and application of section 641.513(5), the methodologies, specific formulas, and criteria used by the DEFENDANT(S) and the parties' respective rights and obligations thereunder.

Thus, the PLAINTIFF seeks a determination with respect to issues that include but are not limited to:

a. What is the exact usual and customary provider charges for similar services in the community where the services were provided as defined by section 641.513(5)(b) for the CPT code(s) at issue in the litigation?

b. What area does the DEFENDANT(S) define as the "community" with respect to rate calculation pursuant to section 641.514(5)(b)?

c. What is the specific formula or criteria used by the DEFENDANT(S) in determining the amount to be paid to the PLAINTIFF as required by section's 627.6044 and 641.31(6), Florida Statutes?

d. What rate/fee schedule range has the DEFENDANT(S) paid to all in-network/contract hospitals and hospital providers in the community where the services were provided?

38. Section 86.011, Florida Statutes, states that this Court has "jurisdiction … to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed." Section 86.111, Florida Statutes, states that "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief." Thus, regardless of whether damages are available to the PLAINTIFF, this Court still has jurisdiction to determine the parties' respective rights, status, and other equitable or legal relations under Chapters 627 and 641 and/or other applicable law.

39. Section 86.011 further states that "[t]he court may render declaratory judgments on the existence, or nonexistence … [o]f any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege, or right now exists or will arise in the future." Thus, this Court still has jurisdiction to

Page **8** of

determine whether the DEFENDANT(S)'s conduct has been unlawful, in order to prevent the same unlawful conduct in the future.

40.    Section 86.021, Florida Statutes, states that

> [a]ny person claiming to be interested or who may be in doubt about his or her rights ... or whose rights, status, or other equitable or legal relations are affected by a statute … may have determined any question of construction or validity arising under such statute … or any part thereof, and obtain a declaration of rights, status, or other equitable or legal relations thereunder.

Thus, this Court has jurisdiction to determine the rights of "any person" (such as the PLAINTIFF) who is in doubt about its rights under the Florida Statutes. Because the PLAINTIFF routinely provides health care services to the DEFENDANT(S)'s insureds/members, the issues raised in this declaratory relief count affect the PLAINTIFF on a continuing basis.

41.    Section 86.051, Florida Statutes, states that

> [a]ny declaratory judgment rendered pursuant to this chapter may be rendered by way of anticipation with respect to any act not yet done or any event which has not yet happened, and in such case the judgment shall have the same binding effect with respect to that future act or event, and the rights or liability to arise therefrom, as if that act or event had already been done or had already happened before the judgment was rendered.

This statute confirms that this Court has jurisdiction to determine the legality of the DEFENDANT(S)'s past conduct in order to gauge its anticipated future conduct and to prevent unlawful conduct in the future.

42.    Section 86.071, Florida Statutes, states, in pertinent part, that when a declaratory action

> concerns the determination of an issue of fact, the issue may be tried as issues of fact are tried in other civil actions in the court in which the proceeding is pending. To settle questions of fact necessary to be determined before judgment can be rendered, the court may direct their

submission to a jury.

Thus, the existence of disputed fact issues does not prevent the Court from providing declaratory relief under Chapter 86.

## COUNT II:
## VIOLATION OF FLORIDA STATUTES §§ 641.513/627.64194

43.    The PLAINTIFF restates, realleges, and incorporates by reference Paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44.    Sections 641.513 and 627.64194 are incorporated into the DEFENDANT(S)'s and the PATIENT/MEMBER's insurance/health maintenance policy. See Found. Health v. Westside EKG Assocs., 944 So. 2d 188, 191 (Fla. 2006); Lutz v. Protective Life Ins. Co., 951 So. 2d 884, 886 (Fla. 4th DCA 2007).

45.    The DEFENDANT(S) knew that with respect to the non-participating claim(s) the PLAINTIFF was a non-participating medical care provider and/or omnibus insured.

46.    The DEFENDANT(S) was obligated by Florida law to pay the PLAINTIFF's claim(s) at a proper reimbursement rate for medical services received by the PATIENT/MEMBER.

47.    The DEFENDANT(S) has an obligation to non-contracted providers such as the PLAINTIFF and was aware that the PLAINTIFF provided medical services to the PATIENT/MEMBER with the reasonable expectation and understanding that the PLAINTIFF's services would be properly reimbursed by the DEFENDANT(S) for those services.

48.    In the present case, the PLAINTIFF timely and directly submitted to the DEFENDANT(S) an electronic/paper claim(s) for payment for medical services rendered by the PLAINTIFF to the PATIENT/MEMBERS.

49.    The DEFENDANT(S) received the PLAINTIFF's claim(s) for payment and assigned claim numbers to the claim(s).

50. The DEFENDANT(S) did not pay the PLAINTIFF's billed charges.

51. The DEFENDANT(S) did render partial payment to the PLAINTIFF; however, the rate of reimbursement was lower than what is required by Florida law as set forth in section 641.513(5).

52. The DEFENDANT(S) violated Florida law by unilaterally reducing the PLAINTIFF's billed charges and by rendering only partial payment (without interest) an amount less than that required by the Florida Statutes.

53. To date, the PLAINTIFF has requested but has yet to receive its proper rate of payment for claims submitted from 2021 to 2023.

54. As a direct and proximate result of the DEFENDANT(S)'s violation of the incorporated terms and conditions of sections 641(HMO)/627(health insurance), the DEFENDANT(S) has violated the statutes(s) and/or breached the aforementioned contracts and caused the PLAINTIFF to suffer damages in the form of outstanding balances, including interest pursuant to sections 627.6131/641.3155, for its charges for medical services rendered to the PATIENT/MEMBER.

55. Due to the failure of the DEFENDANT(S) to pay the full health care benefits demanded (including interest) in accordance with sections 641(HMO)/627(health insurance), the PLAINTIFF has been required to retain the undersigned law firm for the prosecution of this suit. The PLAINTIFF has agreed to pay, and the attorneys of the undersigned firm have agreed to accept, any Court-awarded fee.

## COUNT III:
## BREACH OF CONTRACT IMPLIED-IN-FACT

56.    The PLAINTIFF restates, realleges, and incorporates by reference Paragraphs 1 through 55 of this Complaint as if fully set forth herein.

57.    At all times material to this action, the PLAINTIFF and the DEFENDANT(S) have not had a written contract between them governing the rates at which the DEFENDANT(S) must reimburse the PLAINTIFF for its health care/surgery services rendered to PATIENTS/MEMBERS.

58.    The PLAINTIFF is not a participating provider in the DEFENDANT(S)'s network.

59.    The DEFENDANT(S) knew that the PLAINTIFF would provide health services and care to the DEFENDANT(S)'s PATIENT/MEMBER at the medical facility at which the PLAINTIFF's professionals are staffed in connection with any surgery and/or medical procedures for which the PLAINTIFF's services would be required to be performed.

60.    The PLAINTIFF rendered healthcare services and care to the DEFENDANT(S)'s PATIENTS/MEMBERS on or around 01/1/2021 to 7/31/2023.

61.    The DEFENDANT(S) was aware that the PLAINTIFF was entitled to and expected to be paid the fair value of the healthcare services it rendered to the DEFENDANT(S)'s PATIENT/MEMBER.

62.    The PLAINTIFF understood that the DEFENDANT(S) intended to reimburse the PLAINTIFF the fair value of the healthcare services the PLAINTIFF rendered to the DEFENDANT(S)'s PATIENT/MEMBER.

63.    The DEFENDANT(S) has consistently and regularly approved the PLAINTIFF to provide healthcare services in the treatment of the DEFENDANT(S)'s PATIENTS/MEMBERS and impliedly agreed to pay the PLAINTIFF the fair value of its services, knowing that the

PLAINTIFF would be performing healthcare services in connection therewith.

64.    The DEFENDANT(S) has in fact acknowledged its responsibility for payment and approval of the PLAINTIFF's rendering of healthcare services in the treatment of the PATIENT/MEMBER by paying the PLAINTIFF for the services, although at a rate lower than what the PLAINTIFF is owed.

65.    The DEFENDANT(S) has further acknowledged its responsibility for payment and approval of the claims at issue in this action as evidenced by all such claims having been processed and adjudicated by the DEFENDANT(S) and determined by the DEFENDANT(S) to be covered services.

66.    The DEFENDANT(S) has breached its implied-in-fact contract with the PLAINTIFF by reimbursing the PLAINTIFF for the claims at issue at less than the fair value of the services provided. *See Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co.*, 695 So. 2d 383, 385 (Fla. 4th DCA 1997), as modified on clarification (June 4, 1997) ("A contract implied in fact is one form of an enforceable contract; it is based on a tacit promise, one that is inferred in whole or in part from the parties' conduct, not solely from their words.").

67.    At all material times, all necessary conditions precedent for the DEFENDANT(S) to perform its obligation to reimburse the PLAINTIFF for the services the PLAINTIFF rendered pursuant to the DEFENDANT(S)'s implied-in-fact contract with the PLAINTIFF were met, satisfied, and/or waived.

68.    The DEFENDANT(S)'s breach of its implied-in-fact contract with the PLAINTIFF has caused the PLAINTIFF damages in an amount to be determined at trial equal to the difference between the fair value of the services provided by the PLAINTIFF and the amounts paid by the DEFENDANT(S) to the PLAINTIFF for the services the PLAINTIFF's professionals rendered to the DEFENDANT(S)'s PATIENT/MEMBER on 01/01/2021 to

7/31/2023.

## COUNT IV: UNJUST ENRICHMENT

69.    The PLAINTIFF restates, realleges, and incorporates by reference Paragraphs 1 through 68 of this Complaint as if fully set forth herein.

70.    The PLAINTIFF conferred a benefit upon the DEFENDANT(S) by providing the DEFENDANT(S)'s PATIENT/MEMBER medically necessary healthcare services to which the PATIENT/MEMBER was entitled under the insurance policy as evidenced by the DEFENDANT(S)'s partial payment.

71.    The DEFENDANT(S) voluntarily accepted and received the benefit conferred by the PLAINTIFF, with the knowledge (through course of past dealings with the PLAINTIFF or otherwise) that the PLAINTIFF expected to be paid the reasonable value of its services.

72.    The DEFENDANT(S) has not paid the value of the benefit conferred by the PLAINTIFF in that the DEFENDANT(S) has significantly underpaid the PLAINTIFF's claim for the medical services provided to the PATIENT/MEMBER.

73.    The DEFENDANT(S)'s underpayment results in a windfall for the DEFENDANT(S) in that the DEFENDANT(S) collects premiums in return for agreeing to properly compensate providers, like the PLAINTIFF, who render covered medical services, and the DEFENDANT(S) enjoys an unearned profit in relation to the insurance benefits themselves, in relation to interest that has accrued on the wrongly withheld benefits, and in relation to investment returns enjoyed through the monies wrongly withheld from the PLAINTIFF.

74.    It is unjust under the circumstances for the DEFENDANT(S) to underpay the PLAINTIFF's claim.

75.    As a direct result of the DEFENDANT(S)'s refusal to properly compensate the

PLAINTIFF, the PLAINTIFF has been required to retain the undersigned law firm for the prosecution of this suit. The PLAINTIFF has agreed to pay, and the attorneys of the undersigned firm have agreed to accept, any Court-awarded fee. The PLAINTIFF is entitled to recover its reasonable attorneys' fees and costs pursuant to sections 627.428 and 641.28, Florida Statutes.

### CONCLUSION

**WHEREFORE**, the PLAINTIFF demands a declaratory judgment against the DEFENDANT(S) and for payment of all outstanding health care claims, along with statutory interest, attorney's fees, interest, contingency risk multiplier, and costs, pursuant to Sections 627.428, 641.28, 57.104, and 92.231, Florida Statutes, along with any other relief this Court deems just and proper. THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

**/s/MNK**

**DANIEL B. SMITH, ESQ.**
**Florida Bar No. 0057309**
**MORGAN & MORGAN**
**3705 N. Himes Ave. Tampa, FL 33607**
**Phone: (813)877-8600**
**Primary e-mail: dansmith@forthepeople.com**
**Secondary e-mail: kboussebaa@forthepeople.com**

and

**CHRISTOPHER P. CALKIN, ESQ.**
**Florida Bar No. 148751**
**MIKE N. KOULIANOS, ESQ.**
**Florida Bar No. 105298**
**THE LAW OFFICES**
**OF CHRISTOPHER P. CALKIN, P.A.**
**808 W. De Leon Street Tampa, FL 33606**
**Phone: (813) 258-5008**
**Designated service e-mail: Service@cpcalkin.com**

**ATTORNEYS FOR PLAINTIFF**